IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA CARMELA LOGAN                                                                    PLAINTIFF

v.                              Civil No. 2:22-cv-02187

JAMES COX, Ex-Judge Attorney; SENIOR UNITED STATES
DISTRICT JUDGE P. K. HOLMES, III; JUDGE DAVID HUDSON;
UNITED STATES DISTRICT JUDGE TIMOTHY L. BROOKS;
SERGEANT CHRIS WATERS; SAMUEL T. SICARD; JAMES
C. FOURMY; COUNTYWIDE HOME LOAN; NATASHA R. GRAF,
Chapter 13 Trustee; JOYCE BRADLEY BABIN, Chapter 13 Trustee;
BANK OF AMERICA CORP.; BRIAN MOYNIHAN; SHELLPOINT
MORTGAGE SERVICES; SHELLPOINT CEO BRUCE WILLIAMS;
BANK OF NEW YORK MELLON; THOMAS P. GIBBONS;
JOLEN ANDERSON; BRIAN LIGHT; JOHN RAINWATER;
NOLEN CADDELL REYNOLDS; SUSAN E. BROCKENTT; LEE
KUYKENDALL, Attorney; GIANA WASHBURN; ANDY HEARD; SKY RISE
REAL ESTATE FUND, LLC; RAY MARTINEZ; NATE GORDON;
JOE F. ATKINSON, JR.; ATKINSON LAW FIRM; ZACH JOHNSON,
Sebastian County Assessor; VICTORIA RYASON; ALLAN
RYASON; WACO TITLE COMPANY; BRIAN BLACKMAN; ALISON
HOUSTON, Sebastian County Deputy Prosecuting Attorney; ARKANSAS
DEPARTMENT OF AGRICULTURE; UNITED STATES DEPARTMENT
OF AGRICULTURE; WES WARD; FEMA FEDERAL EMERGENCY
MANAGEMENT AGENCY; PETER GAYNOR; ARKANSAS ATTORNEY
GENERAL LESLIE RUTLEDGE; KEITH GIBSON, Pinnacle Communications;
EVERETT RICHARD, Dobson Fiber; KEVIN L. PARKS, Medical Center
Director of Veterans Health Care System of the Ozarks; LIBERTY MUTUAL
INSURANCE; SEBASTIAN COUNTY HUMAN SERVICES; THE
DEPARTMENT OF REHABILITATION FORT SMITH, ARKANSAS;
CHRYSLER CAPITAL; SHAWN ALLGOOD; REGION BANK; JOHN
M. TURNER, JR; NISSAN MOTOR ACCEPTANCE CORP.; CEO KEVIN
CULLUM; SOUTHERN FARM BUREAU LIFE INSURANC COMPANY;
JOEY STROBLE; MERCY MEDICAL CENTER ICU ADMINISTRATION;
VERKAMP & LADD, P.A.; DIANNA LADD; ROOT INC. INSURANCE
COMPANY; ALEX TIMM; WAL-MART CORP.; USAA FEDERAL
SAVING BANK; STUART PARKER; WAYNE PEACOCK; FARM BUREAU
BANK; WILLIAM HILEMAN; FARM CREDIT OF WESTERN ARKANSAS;
CEO BRANDON HABERER; JAMES CRABTREE; U.S.D.A. FARM
SERVICE AGENCY; DAVID CURTIS; DORIS WASHINGTON; OCWEN
LOAN SERVICING, LLC; GLEN MESSINA; CAMERON CARISON;

1

MICHAEL HAMBY, P.A.; JEFFREY P. LEE; EMILY J. REYNOLDS,
Attorney; NATION STAR LLC; M.R. COOPER; YASMIN BOSQUEZ;
ROOTS INSURANCE; LITTON LOAN SERVICING; J.P. SELLERS;
MACKIE WOLF ZIENTZ & MANN P.C.; THE BANK OF NEW YORK,
Trustee for the Certificate Holders of the CWABS; DISTRICT ATTORNEY
IN FORT SMITH; and UNITED STATES DEPARTMENT OF JUSTICE            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Glicenia Carmela Logan ("Logan"), has filed in this district a *pro se* Complaint (ECF No. 2) in which she alleges violation of her constitutional rights under various federal civil and criminal statutes, including 42 U.S.C. § 1983. Plaintiff has also submitted a motion to proceed *in forma pauperis* (IFP). (ECF No. 3). The IFP motion was incomplete, and she was directed to cure this deficiency. (ECF No. 6).

The Honorable Timothy L. Brooks, United States District Judge, referred the Motion to proceed IFP and Motion for Service to the undersigned for the purpose of making a Report and Recommendation. 28 U.S.C. §§ 636(b)(1) and (3). The case is before the Court for pre-service screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.   DISCUSSION

In her Complaint (ECF No. 2), Logan has named 100 Defendants, including federal and states judges, private and public attorneys, bankruptcy trustees, banks, other financial and/or servicing corporations, insurance companies, the Sebastian County Assessor, the Arkansas Attorney General, and the Arkansas and United States Departments of Agriculture, the Federal Emergency Management Agency, various health facilities, the Medical Care Director of the Veterans Health Care System of the Ozarks, the Arkansas Departments of Human Services and Rehabilitation, and the United States Department of Justice, among others. The Complaint is 17 pages long and has an additional 28 pages of attachments. The Complaint is difficult to decipher

and is largely incomprehensible. Logan describes herself as a "black Hispanic wom[a]n and a disable[d] citizen." *Id.* at 10. Logan generally alleges "interference in the Fourteenth Amendment of a wom[an's] right[] to make choices that benefit her family, investments and business property [consisting of 6.9 acres] located at 4505/4513 Park Road Lavaca, Arkansas." *Id.* at 10 & 11. She alleges she has been subjected to systemic racism. *Id.* at 13. From the few facts Logan does allege, it appears she filed both personal and business bankruptcies in 2004 and 2005. *Id.* at 11. At some point, foreclosure actions were taken against her property. *Id.* at 12. The attachments consist of summonses, other complaints including a third-party complaint, a claim for possession of her 6.9 acres, subpoenas, an answer form, and a notice of intent to redact.

Logan is well known to this Court. She has filed numerous actions concerning her ownership of the parcel of real property located in Lavaca, and her efforts to operate a day-care, a farm, and an e-commerce business. These other cases involve many of the same Defendants. *See Logan v. Waters, et al.*, Civil No. 2:19-cv-02116 (all claims dismissed—affirmed on appeal); *Logan v. The Bank of New York Mellon Corp., et al.*, Civil No. 2:20-cv-02088 (all claims dismissed—appeal dismissed for failure to prosecute); *Logan v. Cox, et al.*, Civil No. 2:20-cv-02155 (dismissed for failure to prosecute—no appeal); *Logan v. Parks, et al.*, Civil No. 2:20-cv-02142 (all claims dismissed—no appeal).

In each case, multiple defendants including judges, attorneys, bankruptcy trustees, banks, and other individuals or entities having any tangential relationship to her ownership of the property, her operation of businesses from there, or her bankruptcies are named. In *Logan v. Sky Rise Real Estate Fund, LLC, et al.*, Civil No. 2:21-cv-02063, the Court placed a filing restriction on Logan. Specifically, the Court stated:

>   **IT IS FURTHER ORDERED** that Ms. Glicenia C. Logan is hereby subject to a **FILING RESTRICTION** concerning any future civil lawsuit she may wish to file in the Western District of Arkansas.  The Clerk of Court is **DIRECTED** not to accept for filing any complaint submitted *pro se* by Ms. Logan; instead the Clerk should pass the proposed complaint to chambers for initial screening and further instruction.  This filing restriction is warranted for the reasons set forth in this Order; however, it **SHALL NOT APPLY** to any civil case filed on Ms. Logan's behalf by a licensed attorney.  Further, the restriction **SHALL NOT APPLY** if Ms. Logan has attached to her proposed complaint an affidavit signed by a licensed attorney that states that the attorney has reviewed the proposed pleading and believes that it states facially plausible claims against defendants who are subject to suit.

(ECF No. 42) (no appeal filed).   This case clearly falls within the filing restriction.   Logan may not, therefore, proceed with this action.

## II.   CONCLUSION

It is recommended that this case be dismissed as barred by the filing restriction placed on Logan in the case of *Logan v. Sky Rise Real Estate Fund, LLC, et al.*, Civil No. 2:21-cv-02063. (ECF No. 42).   The Motion to Proceed IFP (ECF No. 3) should be denied as moot.

**Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of December 2022.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4